184

**Civ. No. 3808.**

United States District Court
W. D. Oklahoma.

Feb. 19, 1949.

Charles H. Garnett, Oklahoma City, Oklahoma, for plaintiff.

Robert E. Shelton, U. S. Attorney, Oklahoma City, Oklahoma, for defendant.

CHANDLER, Justice.

In the above entitled cause which has heretofore been tried and submitted for the Court's decision upon the briefs and the Requested Findings of Fact and Conclusions of Law of the parties, the Court, after careful consideration of the same, hereby makes and enters the following findings of fact, conclusions of law and judgment.

Findings of Fact.

I. The plaintiff, J. H. Jarman, and W. H. Brown are now and were at all times involved herein legally licensed and practicing attorneys at law in Oklahoma City, Oklahoma. The said J. H. Jarman and W. H. Brown formed a partnership under the firm name of Jarman & Brown for the general practice of law in Oklahoma City, Oklahoma, said partnership commencing September 1, 1940 and continuing during all the time involved in this controversy.

II. The Ramsey Petroleum Corporation, a corporation, was extensively engaged in the oil business and its various branches during all the times involved in this controversy with headquarters in Oklahoma City, Oklahoma.

III. The Ramsey Petroleum Corporation entered into an oral contract with the law partnership of Jarman & Brown for legal services to be rendered by said partnership to and for said corporation for the period commencing September 1, 1940, and to continue as long thereafter as said corporation needed legal services; and as a consideration therefor the law partnership was to be paid at the rate of $500 per month.

IV. That the said partnership of Jarman & Brown, pursuant to the terms of said contract, rendered the legal services required by the Ramsey Petroleum Corporation which consisted of title examinations, preparation of various types of contracts, incident to the oil business, conferences, advice to the various officers of the corporation, trial of law suits and other legal work generally connected with an oil company engaged extensively in the buying and selling of oil and gas leases and royalties and in the exploration, development and operation of oil and gas leases for oil and gas. Said services commenced September 1, 1940 and continued uninterruptedly until August 1, 1944, a period of forty-seven (47) months, when said services ended. Said services were not rendered by the plaintiff alone, but by both members of the firm and by their associates and employees in the office, indiscriminately.

V. That for the said services so rendered by said partnership, commencing September 1, 1940 and terminating August 1, 1944, the partnership earned and the said corporation became obligated to pay to said partnership the sum of $23,500. That all of said services were rendered by said partnership under the one single contract of employment above referred to.

That under the partnership arrangement existing between said J. H. Jarman and W. H. Brown, each of them was entitled to fifty percent (50%) or one-half (½) of said amount so earned by said partnership, making each entitled to receive $11,-750.

VI. That the corporation was not financially able to pay for said services as provided by the contract of employment and that no part of the amount earned by said partnership during the period September 1, 1940 to August 1, 1944 was paid by said corporation until August 18, 1944, after said services ended, when the full amount of $23,500 was paid to said partnership for its services rendered during that period.

## Conclusions of Law.

I. That the plaintiff, J. H. Jarman, was and is entitled to have his tax liability on account of his receipt of $11,750, being his fifty percent (50%) or one-half (½) of the remuneration earned by the partnership of Jarman & Brown for legal services rendered by the partnership to the Ramsey Petroleum Corporation for the period commencing September 1, 1940 and ending August 1, 1944, computed under the provisions of Section 107(a) of the Internal Revenue Code, 26 U.S.C.A. § 107(a).

II. That the Commissioner of Internal Revenue, through his duly authorized agents and representatives denied the right of the plaintiff to the benefit of said Section and wrongfully and unlawfully computed his tax liability by including the entire amount of said $11,750 as income to the plaintiff for the year 1944, and unlawfully and wrongfully determined and assessed an additional tax and interest against the plaintiff for the year of 1944 in the sum of $2,758.58 which the plaintiff has paid and which was wrongfully and unlawfully collected by the said Commissioner of Internal Revenue.

III. That the plaintiff is entitled to judgment against the defendant for said sum of $2,758.58 with lawful interest thereon from June 13, 1947, together with a judgment for his costs.

## Judgment.

It Is Therefore Considered, Ordered and Adjudged by the Court that the plaintiff have and recover of and from the defendant the sum of $2,758.58, with interest thereon from June 13, 1947 as provided by law, and all costs by him in this behalf expended and that all costs of the action are taxed and adjudged against defendant.